AETNA LIFE AND CASUALTY COMPANY v.
MARIE BRACCIDIFERRO*

The plaintiff's petition for certification for appeal from the Appellate Court, 34 Conn. App. 833 (AC 11058), is granted, limited to the following issues:

"1. Did the Appellate Court properly conclude that the defendant's claim was not a 'final judgment' within the meaning of Public Acts 1993, No. 93-77?

"2. If the answer to question 1. is yes, did the Appellate Court properly conclude that the limitations period applicable to the defendant's claim is the three year period provided by Public Acts 1993, No. 93-77, rather than the six year contract limitations period?

"3. If the answer to question 2. is yes, did the Appellate Court properly conclude that the application of § 3 of Public Acts 1993, No. 93-77 to the facts of this case did not violate the plaintiff's rights under: (a) article first, § 1, of the Connecticut constitution; (b) article first, § 10, of the United States constitution; (c) the due process clause of the fourteenth amendment to the United States constitution; or (d) article first, § 10, of the Connecticut constitution?"

The Supreme Court docket number is 15038.

*Michael P. Del Sole,* in support of the petition.

Decided January 10, 1995

---

AETNA LIFE AND CASUALTY COMPANY v.
MARIE BRACCIDIFERRO†

The defendant's petition for certification for appeal from the Appellate Court, 34 Conn. App. 833 (AC 11058), is granted, limited to the following issues:

---

* The plaintiff's appeal was withdrawn September 1, 1995.
† The defendant's appeal was withdrawn September 1, 1995.

"1. Did the Appellate Court properly conclude that the defendant's claim was not a 'final judgment' within the meaning of Public Acts 1993, No. 93-77?

"2. If the answer to question 1. is yes, did the Appellate Court properly conclude that the limitations period applicable to the defendant's claim is the three year period provided by Public Acts 1993, No. 93-77, rather than the six year contract limitations period?

"3. If the answer to question 2. is yes, did the Appellate Court properly conclude that the application of § 3 of Public Acts 1993, No. 93-77 to the facts of this case did not violate the plaintiff's rights under: (a) article first, § 1, of the Connecticut constitution; (b) article first, § 10, of the United States constitution; (c) the due process clause of the fourteenth amendment to the United States constitution; or (d) article first, § 10, of the Connecticut constitution?"

The Supreme Court docket number is 15039.

*George H. Romania,* in support of the petition.

Decided January 10, 1995

OLD STONE BANK *v.* BARBARA ANN MURRAY ET AL.

The named defendant's petition for certification for appeal from the Appellate Court (AC 13917) is denied.

*Barbara Ann Murray,* pro se, in support of the petition.

*William K. Eisenman,* in opposition.

Decided January 10, 1995